UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| Roberto Alejandro Vigil Guerrero, and ) <br> Lazaro Vigil Tobias ) <br>    *Plaintiffs* ) <br> ) <br>    v. ) <br> ) <br> ) <br> Merrick B. Garland, U.S. Attorney General, ) <br> Ur M Jaddou, USCIS Acting Director ) <br>    *Defendants* ) | Civil Action No. _____ |

**PLAINTIFF'S COMPLAINT FOR WRIT IN THE
NATURE OF MANDAMUS UNDER THE ADMINSTRATIVE
AND DECLARATORY JUDGMENT ACT**

COMES NOW Roberto Alejandro Vigil Guerrero and Lazaro Vigil Tobias, Plaintiffs in the above- styled and numbered cause, and for cause of action would show unto the Court to following:

This action is brought against the Defendants to compel action on a Petition for Alien Relative properly filed by the Plaintiffs. The application was filed and remains within the jurisdiction of the Defendants, who have not forwarded the approval to the State Department to the detriment of Plaintiffs. Plaintiffs sue under the Declaratory Judgment Act 28 U.S.C 2201. Plaintiffs will also show that they were legally wrong due to agency action and as entitled to Judicial review U.S.C. 702.

**PARTIES**

1. Roberto Alejandro Vigil Guerrero, Plaintiff is a native and citizen of the United States. Plaintiff filed a petition for his father on August 23, 2018. On August 28, 2018, a notification with receipt number LIN1890593672 was received. As of the date of the filing of this petition said application has not been forward to the State Department.

2. Lazaro Vigil Tobias, Plaintiff is a native and citizen of Mexico and his son is U.S. Citizen.

3. Defendant Merrick B. Garland is Attorney General of the United States, and this action is brought against him in his office capacity. He is generally charged with enforcement of the Immigration and Nationality Act and is further authorized to delegate such powers and authority to subordinate employees of the Department of Justice. 8 USC § 1103 (a). More specifically, the Attorney General is responsible for the adjudication and Nationality Act (INA), 8 USC  § 1255. The Immigration and Naturalization Service is an agency within the Department of Justice to whom the Attorney General's authority has been delegated and is subject to the Attorney General's supervision.

4. Defendant, Ur  M  Jaddou as the Acting Director is an official of United States Citizenship and Immigration Services (USCIS) generally charged with Supervisory authority over all operations of the USCIS within her District with certain specific exceptions not relevant here. 8 CFR § 103.1(g) (2) (ii)(B). As well be shown, Defendant Acting Director is the official with whom Plaintiff's request of the Original Documents submitted with the Request of Evidence properly filed.

## JURISDICTION

5. Jurisdiction in this case is proper under 28 USC § § 2201 (Declaratory Judgment Act).

## VENUE

6. Venue is proper in this court, pursuant to 28 USC § 1391 (e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the district where a Defendant resides and where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred. More specifically, Plaintiff's claim occurred. Plaintiff's application for lawful permanent resident status was properly filed and, to Plaintiff knowledge, remains pending with the Houston INS District Director. Also, federal question stated under 28 U.S.C § 1331 is basis for review of agency action.

**EXHAUSTION OF REMEDIES**

7. Plaintiffs have exhausted their administrative remedies. Plaintiffs have, through their attorney, made numerous inquiries trying to resolve this issue and to no avail.

**CAUSE OF ACTION**

8. Since the application and approval have not been forwarded to the State Department the only remedy playing the pass at this point is a Mandamus action.

9. The Defendants, in violation of the Administrative Procedures Act, 5 USC § 701 et seq., are unlawfully withholding or unreasonable delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

10. Plaintiffs have made numerous statues inquires in an attempt to secure adjudication of his application, all to no avail. Accordingly, Plaintiffs have been forced to retain the services of an attorney to pursue the instant action.

11. Roberto Alejandro Vigil Guerrero is a U.S. Citizen.  This is evidenced by his birth certificate and the issuance of a U.S. Passport.

**PRAYER**

12. WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court enter and order:

   (a) Requiring Defendants to adjudicate Plaintiff's Petition for Alien Relative;
   (b) Awarding Plaintiffs reasonable attorney's fees; and
   (c) Granting such other relief at law and in equity as justice may require.

                Respectfully submitted

                By: */s/ Anthony Matulewicz*
                    Anthony Matulewicz
                    521 S. Broadway
                    McAllen, Texas 78501
                    Phone: (956) 972-0330
                    Fax: (956) 972- 0353
                    Federal Bar: 15710

## LIST OF ATTACHMENTS

*Exhibit Description*

1	Copy of Form I-797C Notice of Action of Petition for Alien Relative on behalf of Lazaro Vigil Tobias.